ROBERT J. McGLONE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGlone v. Commissioner
Docket No. 15153-89
United States Tax Court
T.C. Memo 1990-451; 1990 Tax Ct. Memo LEXIS 495; 60 T.C.M. (CCH) 579; T.C.M. (RIA) 90451; August 22, 1990, Filed *495 Decision will be entered under Rule 155. Robert J. McGlone, pro se. George W. Bezold, for the respondent. COUVILLION, Special Trial Judge. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to section 7443A(b) [1] and Rule 180 et seq. *499 Respondent determined the following deficiencies and additions to petitioner's Federal income taxes for the years indicated: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1984
$ 2,637.00
$   659.25
$ 131.85
**  $ 166.00
1985
$ 3,155.00
$   788.75
$ 157.75
*** $ 181.00
1986 *
$ 4,234.00
$ 1,058.50
$ 211.70
****
$ 205.00
After concessions by the parties, the issues for decision are: (1) Whether petitioner's unreported income is taxable; and (2) whether petitioner is liable for the additions to tax. FINDINGS OF FACT Some of the facts were stipulated. Accordingly, *500 the stipulation is accepted and made part hereof by reference. At the time the petition was filed, petitioner was a resident of Appleton, Wisconsin. The parties stipulated that petitioner filed no Federal income tax returns for 1984, 1985, and 1986 and that, for each of these years, he earned the following income: 1984
1985
1986
Wages (Schabo Materials,Inc.)
$ 15,299.00
$ 18,958.00
$ 20,126.00
Unemployment compensation
1,251.00
--    --    Partnership distribution,
827 West College Ave.Bldg.
593.00
--    --    Self-employment income
(Jim Fischer, Inc.)
--    --    1,850.00
Total    $ 17,143.00
$ 18,958.00
$ 21,976.00
No Federal income taxes were withheld on any of the above income earned by petitioner. In the notice of deficiency, petitioner was allowed one exemption of $ 1,000 for 1984, $ 1,040 for 1985, and $ 1,080 for 1986. In the stipulation, petitioner was allowed 10 exemptions for 1984 and 11 exemptions for 1985 and 1986. The parties further stipulated that petitioner's filing status for each year was that of a single individual. At trial, counsel for respondent *501 agreed that the $ 1,251 unemployment compensation received by petitioner during 1984 was subject to section 85, and that the amount thereof, if any, includable in income would be determined under Rule 155 to account for this item as well as the other adjustments agreed to in the stipulation. OPINION At trial, petitioner raised two arguments. First, he argued that his wages were not taxable because the amounts paid to him were in exchange for his labor, and, since he had a cost or basis in his labor equal to the pay he received, he realized no gain. Thus, his salary and wages were not taxable. He offered no argument, however, with respect to the other income adjustments in the notice of deficiency, the unemployment compensation, the partnership distribution, and the self-employment income. Secondly, petitioner testified that, after he filed his petition in this Court, respondent assessed the deficiencies against him for each of the years at issue and filed a levy with his employer in an attempt to collect the deficiencies. Since respondent is generally prohibited from making an assessment and attempting collection thereof under section 6213(a) while a proceeding is pending *502 in this Court, petitioner argued that such action by respondent exonerated him from liability for the deficiencies and additions to tax determined in the notice of deficiency. The determinations made by respondent in a notice of deficiency are presumed correct, and the burden of proof to show that such determinations are incorrect is on petitioner. ; Rule 142(a). Petitioner's first contention, that he realized no taxable gain from his salary and wages, is without merit. That same argument was urged in , affd. , and was rejected. There it was held that the sale of one's labor is not the same as the sale of property, and that a person's gain from the sale of his labor is the entire amount received for the labor without any reduction for the costs of such labor. Therefore, wage income is taxable in its entirety. Petitioner's argument, therefore, is similarly rejected. Petitioner is cautioned that arguments of this nature have been held to be frivolous. See . *503 Raising this issue again in future litigation in this Court may well subject petitioner to damages under section 6673 if it appears that the proceedings have been instituted or maintained primarily for delay, the taxpayer's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies. These damages may go as high as $ 25,000. Section 6213(a) states, in part, "except as otherwise provided * * * no assessment of a deficiency * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted * * * if a petition has been filed with the Tax Court until the decision of the Tax Court has become final." Section 6213(a) further provides that, where an assessment is made or collection thereof is attempted during the time such prohibition is in force, such action may be enjoined by a proceeding in the proper court, including the Tax Court. [2]
*504 Petitioner did not seek an injunction against respondent for the unlawful assessment. Rather, petitioner contended that such action exonerated him from liability for the deficiencies in question. There is no evidence to indicate that the assessment in this case was a jeopardy assessment under section 6861(a). Respondent's conduct in assessing and attempting collection of the deficiencies while a proceeding is pending in this Court does not interfere with this Court's jurisdiction. Jurisdiction was properly invoked when petitioner filed his petition. Although such action by respondent is violative of section 6213(a), this Court held in , that such action does not deprive this Court of jurisdiction. It was there pointed out that, under section 6213(b)(4), where an amount determined as a deficiency is paid by the taxpayer and assessed by respondent upon receipt of the payment after the mailing of a notice of deficiency under section 6212, this Court is not deprived of jurisdiction over the deficiency notwithstanding the assessment. Accordingly, petitioner's liability for the deficiency is not affected by respondent's *505 erroneous actions. [3] Petitioner's contention in this regard is without merit. Respondent, therefore, is sustained with respect to the deficiencies determined against petitioner. Section 6651(a)(1) provides for an addition to tax for the failure to timely file a return unless the failure to timely file is due to reasonable cause and is not due to willful neglect. Petitioner testified that he did not file income tax returns for the years in question because, with the number of dependency exemptions he had, he was of the opinion that he would owe no taxes. He accordingly filed with his employer Internal Revenue Service Form W-4, Employee's Withholding Allowance Certificate, in which he claimed his exemptions. As a result, no taxes were withheld from his wages. Petitioner erroneously equated his probable liability for taxes with his responsibility for the filing of a return. *506 Every person liable for paying or collecting a tax imposed by the Internal Revenue Code must file returns as required by the regulations. Section 6001. Under section 6012(a), every individual having for the taxable year gross income which equals or exceeds the exemption amount is required to file a return. However, in the case of an individual who is not married, section 6012(a)(1)(A)(i) provides that a return is not required where the gross income of such individual is less than the sum of the exemption amount plus the zero bracket amount applicable to such individual. The exemption amount is set forth in section 151(b) and was $ 1,000 for 1984, $ 1,040 for 1985, and $ 1,080 for 1986. Section 6012(a)(1)(D)(ii). The zero bracket amount is the amount set forth in section 63(d). Section 6012(a)(1)(D)(i). That amount was $ 2,300 for the years in question. Since petitioner's gross income for each year was far in excess of the sum of the exemption amount and the zero bracket amount applicable to him, petitioner was required to file returns for these years. Having failed to file returns, the addition to tax under section 6651(a)(1) is sustained. Section 6653(a)(1), applicable *507 to 1984 and 1985, and section 6653(a)(1)(A), applicable to 1986, provide that "if any part of any underpayment * * * is due to negligence or intentional disregard of rules or regulations * * *, there shall be added to the tax an amount equal to 5% of the underpayment." Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; . Sections 6653(a)(2) and 6653(a)(1)(B), respectively, provide for an addition to tax in an amount equal to 50 percent of the interest on that portion of the underpayment attributable to negligence. The Commissioner's determination is presumptively correct and will be upheld, unless the taxpayer is able to rebut the presumption by showing that he used due care. See . Petitioner failed to file income tax returns when he clearly had gross income in amounts which required that he file returns under section 6012(a). The failure to file returns was, at the very least, negligence. The addition to tax for such *508 negligence, therefore, is sustained. In , affg. , the addition to tax for negligence was sustained even though the act of negligence was the failure to file a return on which the addition to tax for failure to file had also been imposed. Petitioner, therefore, is not absolved of the section 6653(a) additions to tax by virtue of his being held liable for the section 6651(a)(1) addition to tax. Respondent determined an addition to tax for each of the years in question under section 6654(a) for failure to make timely estimated tax payments. As noted earlier, petitioner filed no income tax returns for the years at issue and also filed with his employer Internal Revenue Service Form W-4, pursuant to which no Federal income taxes were withheld from petitioner's wages. The addition to tax under section 6654 is mandatory unless the taxpayer comes within one of the exceptions provided under section 6654(d). Petitioner failed to establish that any of the exceptions under section 6654(d) were applicable to his situation. Accordingly, respondent is sustained on the section *509 6654(a) additions to tax. To reflect the concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
**. 50% of the interest due on the underpayment of $ 2,637.00.↩
***. 50% of the interest due on the underpayment of $ 3,155.00.↩
*. For 1986, the addition to tax is under section 6653(a)(1)(A) and (B) rather than section 6653(a)(1) and (2).↩
****. 50% of the interest due on the underpayment of $ 4,234.00.↩
2. The portion of section 6213(a) vesting jurisdiction in the Tax Court to enjoin assessments during the prohibited period was added by section 6243(a) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3749.↩
3. Counsel for respondent advised the Court that it was his understanding that the assessments against petitioner had been abated.↩